GRANGE MUTUAL COMPANIES, APPELLEE, *v.* [OHIO] DEPARTMENT OF MENTAL HEALTH, APPELLEE; ADVANCE ROSS ELECTRONICS CORP., PRECIPITAIR POLLUTION CONTROL DIVISION, APPELLANT; ALDEN E. STILSON & ASSOCIATES, APPELLEE.

(No. 84AP-1155 — Decided October 10, 1985.)

*Linda Wilhelm,* for appellee Grange Mutual Companies.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Susan Sullivan,* for appellee Dept. of Mental Health.

*David L. Day* and *Terence L. Gallagher,* for appellant.

*Lane, Alton & Horst* and *Jeffrey W. Hutson,* for appellee Alden E. Stilson & Associates.

REILLY, P.J. This is an appeal from a judgment of the Court of Claims of Ohio, dismissing a third-party complaint against appellee Alden E. Stilson & Associates.

The action was filed on February 22, 1983 when Grange Mutual Companies ("Grange") filed a complaint against the Ohio Department of Mental Health in the Court of Claims. The complaint alleged that a smokestack maintained by the state of Ohio had damaged several automobiles insured by Grange as a result of acidic emissions. The Department of Mental Health subsequently brought a third-party complaint against Advance Ross Electronics Corp., Precipitair Pollution Control Division ("Ross"). This complaint (the first third-party complaint) alleged that a pollution control device installed in the smokestack and sold by Ross to the Department of Mental Health caused the acidic emissions. Ross then filed a third-party complaint against Alden E. Stilson & Associates ("Stilson"), stating rights to indemnity and contribution based on Stilson's having prepared the plans, specifications and contract documents for the pollution control device in question.

Stilson filed a motion to dismiss the second third-party complaint. The Court of Claims granted the motion to dismiss based on the finding that the court lacked jurisdiction to determine the second third-party claim.

Ross, the appellant, raises the following assignment of error:

"The Court of Claims erred in granting * * * [third-]party defendant['s], Alden E. Stilson & Associates['], motion to dismiss."

The sole issue presented by this appeal is whether the Court of Claims has jurisdiction to determine a second third-party complaint by a non-state party against another non-state party.

Stilson's position is that R.C. 2743.02(E) prohibits third-party pleadings by private parties. This was also the position taken by the Court of Claims when it dismissed the instant action. R.C. 2743.02(E) provides:

"The only defendant in original actions in the court of claims is the state. The state may file a third-party complaint or counterclaim in any civil action except a civil action for one thousand dollars or less, that is filed in the court of claims."

In this case, the state was named as the defendant in the original complaint. Subsequently, the state brought a third-party complaint against Ross. The procedure up to this point conformed with R.C. 2743.02(E). Ross then filed a second third-party complaint against Stilson. Stilson contends that R.C. 2743.02(E) prohibits the second third-party complaint from being determined by the Court of Claims. This contention is based on the first sentence of the statute: "The only defendant in original actions in the court of claims is the state." This statute, however, deals solely with the position of the state as a defendant in an action brought in the Court of Claims. It does not address a non-state party's filing of a second third-party complaint against another non-state party. Moreover, this provision permits the state to bring a third-party complaint or counterclaim once it is named as a defendant. It therefore necessarily permits a party other than the state to be a third-party defendant.

Stilson also relies on this court's decision in *Wirth* v. *Ohio Dept. of Transportation* (June 26, 1979), Franklin App. No. 78AP-838, unreported, in support of the position that R.C. 2743.02(E) prohibits the second third-party complaint. This reliance is misplaced. In *Wirth,* this court held that R.C. 2743.02(E) prohibits joinder of non-state parties with the state as defendants. *Wirth* did not address third-party pleading practice and, therefore, is not applicable to the facts in the instant case. Consequently, we conclude that R.C. 2743.02(E) does not prohibit the filing of a second third-party complaint between non-state parties.

Therefore, it is necessary to turn to other provisions in R.C. Chapter 2743 to determine whether this complaint is permitted. Ross relies on R.C. 2743.03(A) and 2743.03(D) as authority for the Court of Claims' exercising jurisdiction over the second third-party claim.

R.C. 2743.03(A) provides:

"* * * The court shall have full equity powers in all actions within its jurisdiction and may entertain and determine all counterclaims, cross-claims, and third-party claims."

R.C. 2743.03(D) provides:

"The Rules of Civil Procedure shall govern practice and procedure in all actions in the court, except insofar as inconsistent with this chapter. * * *"

Furthermore, Civ. R. 14, which permits third-party complaints, expressly authorizes the procedure used in the instant case:

"* * * A third-party defendant may proceed under this rule against any person not a party to the action who is or may be liable to him for all or part of the claim made in the action against the third-party defendant."

Thus, it appears that unless there is some provision in R.C. Chapter 2743 that is inconsistent with Civ. R. 14, the second third-party complaint can be determined by the Court of Claims. As previously discussed, R.C. 2743.02(E) applies exclusively to the state, and therefore is not inconsistent with Civ. R. 14 as applied to non-state parties. We find no other section within R.C. Chapter 2743 arguably inconsistent with Civ. R. 14. Therefore, the provisions cited above, coupled with the general policy of judicial economy, compel the conclusion that the Court of Claims can determine the non-state third-party complaint arising from the original complaint against the state.

For the foregoing reasons, the appellant's (Ross') assignment of error is sustained. The judgment of the Court of Claims is reversed, and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment reversed*
*and cause remanded.*

WHITESIDE and MOYER, JJ., concur.